## LILLY v. PINNELL-DULIN LUMBER COMPANY.

[No. 12,182.   Filed March 20, 1922.]

MASTER AND SERVANT.—*Finding of Industrial Board that injury, did not arise out of employment held conclusive.*—In a proceeding under the Workmen's Compensation Act for compensation for accidental injuries, the question as to whether the injury arose out of and in the course of his employment is a question of fact for the Industrial Board, and its finding will not be disturbed on appeal where there was evidence to sustain the finding.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Sarah A. Lilly, Guardian of William Lilly, against the Pinnell-Dulin Lumber ˴ Company. From a denial of an award, the claimant appeals. *Affirmed.*

*J. F. Neal* and *N. C. Neal,* for appellant.

*Meade Vestal* and *Turner, Adams, Merrell & Locke,* for appellee.

REMY, J.—William Lilly was engaged as an employee of appellant in unloading bags of cement from a freight car.   While in the line of his employment, he fell upon the floor of the car, where he was found by fellow employees, to whom he stated at the time that he had had "a dizzy spell" and "had fallen over."   He was taken home, and that night had a stroke of paralysis.   Within a year, he was declared a person of unsound mind, and appellant was appointed as his guardian.   There was some evidence submitted as to his physical condition, both before and after the time he was found lying upon the floor of the freight car.   Claiming that the condition of her ward was the result of an injury which arose out of and in the course of the ward's employment by appellee, appellant filed an application for compensation.   From an order of the Industrial Board denying compensation, this appeal is prosecuted.   The˙

sole question for determination is whether the physical infirmities or injuries for which compensation is asked arose out of William Lilly's employment by appellee. That was a question of fact for the Industrial Board. There is evidence to sustain the finding. See, *Gardiner v. Cochran Chair Co.* (1922), 78 Ind. App. 94, 134 N. E. 873.

Affirmed.